**The STATE of Texas, Appellant,**

v.

**David Mark NASH, Appellee.**

**No. 07–91–0171–CR.**

Court of Appeals of Texas,
Amarillo.

Oct. 21, 1991.

Discretionary Review Refused
Jan. 29, 1992.

**838**

Travis Ware, Dist. Atty., Michael West, Asst., Lubbock, for appellant.

Roderique S. Hobson, Jr., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

This is a case requiring a detailed consideration of the distinction between the application of the doctrine of collateral estoppel and the constitutional prohibition against placing a defendant twice in jeopardy for the same offense, as well as the requirements for invoking the respective preclusions. In two points of error, the State appeals from an order dismissing, with prejudice, its complaint against appellee, David Mark Nash. The State contends that the trial court erred in its application of the doctrine of collateral estoppel in dismissing the complaint, and not submitting Nash's special plea of double jeopardy to the jury for a determination of the fact issues. For reasons hereinafter expressed, we reverse the judgment of the trial court and remand the cause to the trial court.

On December 8, 1988, in Hays County Court at Law Number Two, Nash entered a plea of guilty to the offense of driving while intoxicated (DWI). He received a sentence of two years in the Hays County Jail, which was probated for two years. Among the conditions of Nash's probation

were that he, "[c]ommit no offense against the laws of this or any other State or of the United States," and "avoid injurious and vicious habits and abstain from the use of alcoholic beverages."

On May 16, 1990, Nash was arrested for the offense of DWI in Lubbock County. Based on this offense, the State filed a complaint and information against Nash in Lubbock County. Subsequently, the State filed an application in Hays County to revoke Nash's probation, alleging that he was arrested for DWI, that he failed to avoid injurious and vicious habits, and he failed to abstain from the use of alcoholic beverages, thereby violating the terms of his probation. At the probation revocation hearing, the Hays County Court denied the State's application, and entered an order, reciting that both sides were represented by counsel, evidence was presented and arguments were made, and the allegations in the State's application were not true. There is no other record before this Court regarding the findings of the Hays County Court.

At trial on the merits of the State's complaint against him in Lubbock County, Nash presented to the court a special plea of double jeopardy, in which he alleged that the Lubbock County action was prohibited because he had previously been placed in jeopardy for the offense at the probation revocation hearing. The only final order before this Court on appeal, appears to grant Nash's plea of double jeopardy, and dismiss the action with prejudice.[1] After the court's determination that the State was barred from prosecuting its complaint, the jury was dismissed without comment or objection by the State.

■ At the outset, we overrule the State's second point of error. The State complains that the trial court erred in not submitting Nash's special plea to the jury for a determination of the fact issues pursuant to articles 27.07 and 28.12 of the

Code of Criminal Procedure. However, upon the court's dismissal of the jury, the State stated no objection and made no comment. Failure to make a timely objection does not preserve a complaint for our review, and the State has therefore waived its right to complain. Tex.R.App.P. 52(a). The provisions relied upon by the State are not so mandatory as to overcome its failure to make a timely objection and preserve the error.

■ In its first point of error, the State contends that the trial court erred in ruling that the doctrine of collateral estoppel precludes the State from trying Nash in the instant case. The parties have incorrectly perceived the effect of the trial court's order, and assume on appeal that the dismissal was granted on the basis of collateral estoppel. While it is true that (1) although the bulk of the plea concerns double jeopardy considerations, portions of the language in Nash's plea could be argued on the basis of collateral estoppel; (2) collateral estoppel was orally argued by the parties; and (3) the trial court, considering itself bound by the decision in *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Crim.App. 1986), orally dismissed the complaint based upon the application of the doctrine of collateral estoppel, the final order of dismissal was awarded based upon the prohibition against double jeopardy, as set forth in the order and its supporting plea.

■ Absent a declaration of the decision of the law upon the matters at issue, the oral pronouncement by the court does not constitute a final judgment, but merely indicates the judgment to be rendered. *Chandler v. Reder*, 635 S.W.2d 895, 897 (Tex.App.—Amarillo 1982, no writ). The statements of the trial court prior to entry of the order were merely the court's findings preliminary to the making of the decree. It is the court's order that counts, and the stated reasons neither control or

---

1. The order reads in pertinent part:
   ON THIS the 10th day of June, 1991, came to be heard the Defendant's Special Plea of Double Jeopardy and it appears to the Court that this motion should be granted/denied. It is therefore order [sic] that the above-entitled

   and numbered cause be dismissed with prejudice.
   Neither the choice "granted" or "denied" is selected, but we will presume from the dismissal, and statements made by the trial judge, that the order was "granted."

qualify the order, therefore, the recitations preceding the decretal portion of a written instrument, albeit proper inclusions, form no part of the decree. *Stevens v. Cain*, 735 S.W.2d 694, 695 (Tex.App.—Amarillo 1987, no writ). As a result, there is no final judgment regarding the issue of collateral estoppel, and the issue is not validly before us. However, in the interest of judicial economy, and because the issue will likely arise again, as well as the fact that both parties have assumed on appeal the application of the doctrine of collateral estoppel as the basis for the court's dismissal, we will address both the principles of double jeopardy and collateral estoppel as they apply to the present situation.

Because the doctrine of collateral estoppel is embodied within the constitutional protection against being twice placed in jeopardy for the same offense, *Ladner v. State*, 780 S.W.2d 247, 250 (Tex.Crim.App. 1989), the distinction between double jeopardy and collateral estoppel is a difficult one. Double jeopardy prohibits the re-prosecution of the crime, whereas collateral estoppel forbids the re-litigation of certain issues necessary to establish the fact of the crime. *Ex parte Lane*, 806 S.W.2d 336, 338 (Tex.App.—Fort Worth 1991, no pet.).

▆ The Court of Criminal Appeals has long interpreted double jeopardy as a person being twice put in "legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon an indictment or information ... sufficient in form and substance to sustain a conviction, and a jury has been ... impaneled and sworn to try the case." *Johnson v. State*, 73 Tex. Crim. 133, 164 S.W. 833, 834 (1914). Unlike the criminal proceedings outlined by the Court in *Johnson*, guilt or innocence is not at issue in a probation revocation hearing. The question at such a hearing is whether the act committed, in effect, broke the contract made with the court pursuant to the granting of probation. The result is not a conviction, but a finding upon which the trial court might exercise its discretion by revoking, or continuing, probation. *Davenport v. State*, 574 S.W.2d 73, 75 (Tex. Crim.App.1978). We are constrained to

hold that double jeopardy protections do not apply to a proceeding wherein the result is deemed to be neither a conviction nor acquittal. *See Rodriquez v. State*, 552 S.W.2d 451, 456 (Tex.Crim.App.1977); *Russell v. State*, 551 S.W.2d 710, 714 (Tex. Crim.App.1977); *Ex parte Maldonado*, 681 S.W.2d 86, 88 (Tex.App.—Amarillo 1984, pet. ref'd).

Furthermore, although Nash was twice placed in risk of punishment, neither the offenses nor punishments are the same. Had the application for revocation of probation been successful, the punishment would have been for the December 8 DWI offense. If there had been a successful prosecution in Lubbock County, Nash's punishment would have been for the May 16 DWI offense. Consequently, Nash has not been subjected to double jeopardy. *Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex.Crim. App.1986).

It is clear that jeopardy did not attach at the probation revocation hearing and Nash's plea of double jeopardy should properly have been denied. Therefore, to the extent that the trial court granted the plea, we must reverse that order.

▆ We now turn to the more difficult determination of the applicability of the doctrine of collateral estoppel. Collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, the decided issue cannot be re-litigated between the same parties in any future lawsuit. *Ex parte Lane*, 806 S.W.2d at 337. The application of collateral estoppel requires the reviewing court to examine the entire record of the prior proceedings between the parties to determine what issues were foreclosed. The doctrine is a narrow one, and the test is, whether the verdict was *necessarily* grounded upon an issue which the defendant seeks to foreclose from litigation, not whether there is a *possibility* that some ultimate fact has been determined adversely to the State. *Ex parte Lane*, 806 S.W.2d at 338 (emphasis original). The application of the doctrine precludes a subsequent prosecution only if the matters to be re-litigated dictated the previous acquittal,

and the fact finder could not rationally have based its verdict on an issue other than the issue the defendant seeks to foreclose. *Ladner v. State*, 780 S.W.2d at 257. If the issue was not necessarily determined in the former proceedings, the possibility that it may have been determined does not prevent re-examination of that issue. *Ex parte Lane*, 806 S.W.2d at 337.

▅ Because guilt or innocence is not at issue in probation revocation hearings, they have traditionally been viewed as essentially administrative in nature, and therefore do not afford the defendant the full range of constitutional and statutory protections available at trial. *Ex parte Maldonado*, 681 S.W.2d at 88. Although determinative in the invoking of the constitutional prohibition against placing a defendant in double jeopardy, *see* discussion, *supra*, for the purposes of the application of the doctrine of collateral estoppel, to simply label the hearing administrative does not end our inquiry. *Ex parte Tarver*, 725 S.W.2d at 199. A probation revocation hearing is administrative in that it deals with the trial court's supervision of probation. However, although the proceeding is not a criminal trial, it requires substantially the same procedure and, to the extent that the hearing involves a trial court acting as a finder of fact, after a full hearing on a contested issue, the court is also acting in a judicial capacity. *Id.* Where the court acts in its judicial capacity, the proceedings are not administrative in nature, and the doctrine of collateral estoppel is applicable to the proceedings. We must then determine the true nature of the proceedings, *i.e.*, whether the court was acting in an administrative fashion, or if the court acted in its judicial capacity. Because the Hays County Court received evidence and heard arguments of counsel as recited in its order, we conclude it was acting in its judicial capacity. *Id.*

▅ Since the Hays County proceedings were judicial in nature, the collateral estoppel doctrine could apply and we must next examine whether the facts the State seeks to establish in the Lubbock County prosecution were necessarily determined adversely to it by the Hays County Court.

▅ The defendant has the burden to show that there has been a final and valid judgment, and that the State seeks to relitigate some fact which was necessarily decided against it at a prior proceeding. *Ladner v. State*, 780 S.W.2d at 258.

There is no question that the decision of the Hays County Court was a final disposition of that revocation proceeding. If the court had revoked Nash's probation, that decision would have been appealable, and if the court had continued the probation, that decision would not have been subject to alteration. *Ex parte Tarver*, 725 S.W.2d at 199.

Nash relies on *Tarver* as authority for his contention that, when the trial court makes a finding of "not true" to the State's allegations at a probation revocation hearing, the issues in the application have necessarily been determined in favor of the defendant, and accordingly, adverse to the State, thus the doctrine of collateral estoppel precludes the State from obtaining a criminal conviction for any offense requiring proof of those factual issues resolved against it. *Ex parte Tarver*, 725 S.W.2d at 200. *Tarver*, however, is a very narrow decision, and does not provide support for Nash's contention.

▅ In any case in which collateral estoppel is urged, the most difficult resolution is the identity of issues and ultimate facts which were determined. To make this determination, the reviewing court must examine the entire record of the prior proceeding. *Ex parte Lane*, 806 S.W.2d at 337. This is particularly difficult when, as in this case, there is only a general verdict and no record of fact findings made. Without a record to examine, it is virtually impossible for us as a reviewing court to state with any degree of reliability the basis of the trial court's findings and what issues were necessarily decided against the State. *Ladner v. State*, 780 S.W.2d at 258. The only evidence before the trial court here was the application for, and the order denying, the revocation of probation and the arguments of Nash's attorney. Courts

should not decide the proper application of the doctrine of collateral estoppel solely on the basis of the self-serving declarations and opinions of counsel, *Ladner v. State*, 780 S.W.2d at 254, and there must be something more than a bare order for the reviewing court to examine to determine which issues were necessarily determined adverse to the State. Otherwise, the determination can be made only on the possibility that the issues sought to be litigated were foreclosed at the prior proceeding, and this is insufficient to invoke the application of the doctrine. *Ex parte Lane*, 806 S.W.2d at 337.

Nothing in this opinion is at odds with the Court of Criminal Appeals. It is clear from a reading of *Tarver*, that something more than a bare order was before the reviewing court, while in our present situation, there was no record for the trial court to review in order to determine what facts were determined adversely to the State by the Hays County Court. The Court emphasized the narrowness of its holding in *Tarver*, and went on to say, "A mere overruling of a State's motion to revoke probation is not a factfinding that will bar subsequent prosecution for the same alleged offense." *Ex parte Tarver*, 725 S.W.2d at 200.[2] Without a factfinding, a simple verdict of "not true" is nothing more than an overruling of the State's application, and alone, is insufficient to determine what issues were litigated at the probation revocation hearing.

In that there was no record presented from which to determine the foreclosed issues, Nash did not meet his burden of establishing that the issues he wished to foreclose are identical to those previously determined, and that in reaching the verdict of "not true," the fact finder necessarily resolved the contested facts in his favor. *Ladner v. State*, 780 S.W.2d at 258. The mere possibility that the Hays County Court found the elements of the State's allegations adverse to it is insufficient to

invoke the application of collateral estoppel. *Ex parte Lane*, 806 S.W.2d at 337.

Accordingly, the judgment of the trial court is reversed and remanded for a determination consistent with this opinion.

---

**2.** *Ex parte Tarver, supra,* has been further narrowed by *Ex parte Byrd,* 752 S.W.2d 559 (Tex. Crim.App.1988), to comport with *Davenport v. State, supra.*