COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RICHARD BEVIL MCCABE,                              )

                                                                              )              
No.  08-04-00205-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )               
228th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Harris County, Texas

Appellee.                           )

                                                                              )                   (TC# 869551)

                                                                              )

 

 

O
P I N I O N

 

Appellant Richard
Bevil McCabe appeals the revocation of his community supervision.  A jury found Appellant guilty of aggravated
sexual assault of a child and assessed punishment at 10 years imprisonment in
the Institutional Division of the Texas Department of Criminal Justice,
probated to 10 years=
community supervision, and imposed a fine of $10,000, probated.  After a hearing on the State=s motion to revoke probation, the trial
court revoked Appellant=s
community supervision and sentenced him to 10 years=
imprisonment and a fine of $10,000.  In
six issues, Appellant challenges the trial court=s
revocation of community supervision.  We
affirm.

PROCEDURAL
BACKGROUND

Appellant was
placed on probation on March 8, 2001. 
The following conditions were included under the terms and conditions of
his community supervision:








(16.4)   You are not to reside, go in, on or within
100 yards of a premises where children commonly gather, including a school,
day-care facility, playground, public or private youth center, public swimming
pool, or video arcade facility beginning March 8, 2001, for any reason except
as specifically permitted by the Court. 
You are not to supervise or participate in any program that includes
participants or recipients persons who are seventeen (17) years of age or
younger and that regularly provides athletic, civic or cultural activities
beginning March 8, 2001, for any reason except as specifically permitted by the
Court.

 

(16.5)   You are to have no contact with any minor under
the age of seventeen (17) beginning March 8, 2001 for any reason except as
specifically permitted by the Court.

 

On May 5, 2004,
the State filed a AMotion to
Revoke Community Supervision.@  In the motion, the State alleged that
Appellant had violated the above terms of his community supervision by being in
attendance of a Girl Scout Awards Ceremony held at Williams Elementary School
in Magnolia and by having minor children in his residence.  On June 7, 2004, the State filed an amended
motion, which it entitled, AFirst
Amended Motion to Adjudicate Guilt.@  The amended motion included the additional
allegation that Appellant violated the court=s
order not to have contact with any minor by having M.B., a six-year-old child
to his home to watch movies.  Appellant
plead not true to the State=s
allegations.  After the revocation
hearing, the trial court found all the allegations in the State=s amended petition to revoke community
supervision to be true, revoked Appellant=s
probation, sentenced him to 10 years=
imprisonment, and imposed a $10,000 fine. 
Appellant now brings this appeal.

DISCUSSION

REVOCATION
OF COMMUNITY SUPERVISION








Appellant raises
six issues, in which he contends the trial court abused its discretion in
revoking community supervision because: 
(1) the evidence of any violation of probation was legally and factually
insufficient; (2) double jeopardy bars him from being adjudicated for the
aggravated sexual assault offense twice; (3) the State=s
amended motion was untimely filed; and (4) the State=s
motion failed to allege any violations and the State also failed to provide
sufficient notice of the dates of the alleged violations.

Notice

In Issue Four,
Appellant contends the trial court erred by holding the revocation hearing
within seven days of the State=s
filing of its amended motion without a showing of good cause for the untimely
filing of the motion.

The State filed
its amended motion on June 7, 2004, and the hearing on the State=s motion was held three days later on
June 10, 2004.  In felony cases, the
State may amend the motion to revoke community supervision any time up to seven
days before the revocation hearing, after which time the motion may not be
amended except for good cause shown.  Tex.Code Crim.Proc.Ann. art. 42.12, ' 21(b)(Vernon Supp. 2004-05).

Appellant did not
object to the amended motion to revoke community supervision at trial or in his
motion for new trial.  Because he failed
to raise an objection to the amended motion, Appellant waive his right to a
good cause showing.  Thus, he has not
preserved his complaint for appellate review. 
See Tex.R.App.P.
33.1(a).  Issue Four is overruled.

Defective
Motion








In Issues Five and
Six, Appellant contends that the State=s
motion failed to provide sufficient notice of the dates of the alleged
violations and that its allegations, as pleaded, failed to state a violation of
his probation.  Even if the State=s amended motion in this case was
defective as Appellant claims, we cannot address these complaints.  Appellant did not file a motion to quash the
State=s motion
and made no objection to the sufficiency of the motion at the revocation
hearing.  In the absence of a motion to
quash, the sufficiency of a motion to revoke probation cannot be raised for the
first time on appeal.  Vance v. State,
485 S.W.2d 580, 581-82 (Tex.Crim.App. 1972). 
Appellant has not properly preserved his complaints for appellate
review.  See Tex.R.App.P. 33.1(a).  Issues Five and Six are overruled.

Double
Jeopardy

In his third
issue, Appellant argues that by proceeding under the State=s AFirst
Amended Motion to Adjudicate,@
he was adjudicated guilty twice, in violation of the double jeopardy clause in
the Fifth Amendment.

At the start of
the hearing, the trial court stated that the State has Afiled
a motion to adjudicate guilt@
and inquired into whether there was a mistake in the petition.  Appellant=s
counsel agreed that he had seen the first amended motion and believed that
Appellant=s guilt
had been adjudicated in a jury trial. 
Appellant testified to the same and confirmed that he had been placed on
probation for aggravated sexual assault of a child.  Appellant did not object to any defect in the
State=s amended
motion and did not raise a double jeopardy claim in the trial court.

The double
jeopardy clause of the United States Constitution protects against three
abuses:  (1) a second prosecution for the
same offense after acquittal; (2) a second prosecution for the same offense
after conviction; and (3) multiple punishment for the same offense.  Ex Parte Rhodes, 974 S.W.2d 735, 738
(Tex.Crim.App. 1998).  A double jeopardy
claim is forfeited if it is raised for the first time on appeal unless the
double jeopardy violation is clearly apparent on the face of the record and
when enforcement of usual rules of procedural default serves no legitimate
state interests.  Gonzalez v. State,
8 S.W.3d 640, 643 (Tex.Crim.App. 2000).  








Unlike a criminal
proceeding, guilt or innocence is not at issue in a probation revocation
hearing.  State v. Nash, 817
S.W.2d 837, 840 (Tex.App.--Amarillo 1991, pet. ref=d).  Rather, the issue is whether the defendant
has committed an act that in effect, broke the contract made with the court
pursuant to the granting of probation.  Id.  The result is not a conviction, but a finding
upon which the trial court might exercise its discretion by revoking, or
continuing, probation.  Id.

It is clear from
the record that all parties understood that the trial court was proceeding
under a mistitled amended motion to revoke community supervision and Appellant
made no objection to any defect in that motion. 
In reviewing the record, the final order in this case clearly states
that it is an order revoking community supervision.  The trial court found Appellant had violated the
conditions of his community supervision as alleged in the State=s amended petition to revoke community
supervision.  Appellant was not adjudged
guilty for the offense, thus double jeopardy does not apply.  See Nash, 817 S.W.2d at 840 (double
jeopardy protections do not apply to a proceeding wherein the result is deemed
to be neither a conviction nor acquittal); see also United States v. Whitney,
649 F.2d 296, 298 (5th Cir. 1981)(declining to extend the double jeopardy
clause to parole and probation revocation proceedings because they are not
designed to punish a criminal defendant for violation of a criminal law, but
rather are for the purpose of determining whether a parolee or probationer has
violated the conditions of his parole or probation).  Issue Three is overruled.

Violation
of Terms and Conditions of Community Supervision








In Issues One and
Two, Appellant argues that the evidence presented at the hearing was legally
and factually insufficient to revoke his community supervision.  Appellant, however, states his argument in
terms of the abuse of discretion standard that applies to appellate review of
revocation proceedings.  As we have
previously stated, a factual sufficiency review is not applicable to revocation
proceedings.  See Becker v. State,
33 S.W.3d 64, 65-6 (Tex.App.--El Paso 2000, no pet.).  Therefore, we review the trial court=s order under the applicable standard
set out below.

Standard
of Review

Our review of a
community supervision revocation hearing is limited to a determination of
whether the trial court abused its discretion. 
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983).  The State bears the burden to establish the
alleged violations of the trial court=s
order by a preponderance of the evidence. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker
v. State, 33 S.W.3d 64, 66 (Tex.App.--El Paso 2000, no pet.).  That burden is met when the greater weight of
the evidence before the court creates a reasonable belief that the defendant
violated a condition of community supervision. 
Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. [Panel Op.]
1980); Williams v. State, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no
pet.).  In determining whether the
allegations in the revocation motion are true, the trial court is the sole
trier of facts, the credibility of the witnesses, and the weight to be given the
testimony.  Taylor, 604 S.W.2d at
179; Becker, 33 S.W.3d at 66.  The
reviewing court must view the evidence presented at the revocation proceeding
in a light most favorable to the trial court=s
ruling.  Garrett v. State, 619
S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981).  








When the State has
sustained its burden of proving the allegation by a preponderance of evidence
and no procedural obstacle is raised, the decision of whether to revoke
probation is within the discretion of the trial court.  Flournoy v. State, 589 S.W.2d 705, 708
(Tex.Crim.App. 1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El
Paso 1999, no pet.).  Under such
circumstances, the trial court=s
discretion is substantially absolute.  Flournoy,
589 S.W.2d at 708; Gordon, 4 S.W.3d at 35.  If a single ground for revocation is
supported by a preponderance of the evidence and is otherwise valid, then an
abuse of discretion is not shown.  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon, 4 S.W.3d
at 35.

Evidence
at Revocation Hearing

Jennifer Blum
testified at the revocation hearing.  Ms.
Blum is the mother of six-year-old M.B. 
She knew Appellant as the boyfriend of her friend Amber Mitchell.  Ms. Blum=s
daughter, M.B., was a good friend of Ms. Mitchell=s
daughter, M.M., and they are about the same age.  Ms. Blum stated that their daughters
were members of the same Girl Scout troop. 
On several occasions, the girls would have sleepovers at each other=s houses.  Sometime after February 7, 2004, on a Friday
night, Ms. Mitchell came to pick up the girls who were suppose to go to
Ms. Mitchell=s house
to watch DVDs.  M.B. came home the
following day.  Around dinnertime, M.B.
told her mother that the night before, they had gone to Ms. Mitchell=s house, but her DVD player broke, so
they went to AMr.
Bubbles=@ house to watch a movie and spent the
night there.  Ms. Blum explained that
M.B. referred to Appellant as AMr.
Bubbles@ because
she could not say Bevil.  M.B. told Ms.
Blum that Appellant and Ms. Mitchell pulled out the fold-out bed in the couch
for the girls.  The girls watched the
movie, ABring It
On,@ and Appellant and Ms. Mitchell went to
another room.  The girls slept over
Appellant=s house
that night.  








Ms. Blum is the
troop mom for her daughter=s
Girl Scout troop.  Ms. Blum testified
that one day there was a Girl Scout meeting and Appellant drove into the school
parking lot and gave Ms. Mitchell the car charger for her cell phone.  Appellant said Ahi@ to M.B. or M.M. and Abye@
to Ms. Mitchell and then left.  Appellant=s visit lasted about four minutes.  Ms. Blum stated that Appellant did not
actually attend the meeting.  Apparently,
the troop leader reported both the overnight stay and the charger drop-off
incident to the Girl Scouts of America organization, which later reported the
information to probation.

Ms. Mitchell
testified that Appellant was her former boyfriend.  She and Ms. Blum used to be friends, but
tensions developed in their relationship. 
Ms. Mitchell also stated that the relationship between Ms. Blum and
Appellant was very hostile.  Like Ms.
Blum, Ms. Mitchell testified that Appellant did not attend the troop meeting
and confirmed that Appellant just came by to drop off the cell phone
charger.  Appellant was not in the
presence of the girls in the troop, who were on the other side of the parking
lot.  With respect to the other incident,
Ms. Mitchell confirmed that she took M.B. and M.M. to her house for the sleepover
and her DVD player broke, but denied taking the girls to Appellant=s house.  Rather, she insisted that she took the girls
to her mother=s
house.  Ms. Mitchell explained that her
brother, who she calls ABug,@ lives at her mother=s house and that perhaps M.B. thought
she said Abubbles@ and confused Appellant with her
brother.

M.B. testified at
the hearing.  She could not identify
Appellant in the courtroom as Mr. Bubbles. 
She remembered that she and M.M. spent the night somewhere else once.  M.B.=s
mother, Ms. Blum, had testified earlier that she did not think her daughter
would have confused Abug@ and Abubbles.@








Viewing the
evidence in a light most favorable to the trial court=s
ruling, the evidence shows that sometime after February 7, 2004, Ms. Mitchell
brought her daughter and six-year-old M.B. to Appellant=s
house.  M.B.=s
mother knew that M.B. referred to Appellant as AMr. Bubbles.@ 
Appellant was present at his house that night.  He and Ms. Mitchell arranged the fold-out bed
in the couch for the girls and both girls slept over Appellant=s house.  While Ms. Mitchell provided conflicting
testimony, it was well within the trial court=s
discretion to believe Ms. Blum and disbelieve Ms. Mitchell.  Taylor, 604 S.W.2d at 179; Becker,
33 S.W.3d at 66.  Ms. Blum=s testimony supports the State=s allegation that Appellant violated
the condition of his probation that he have no contact with any minor under the
age of seventeen by having M.B., a six-year-old girl to his home to watch
movies.  We conclude that the State met
its burden of proof with respect to one of the alleged violations.  Consequently, the trial court did not abuse
its discretion in determining that Appellant violated the terms and conditions
of community supervision.  Issues One and
Two are overruled.

We affirm the
trial court=s order.

 

August
25, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)