In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00158-CR


 _____________________



TALIE MICHAEL CAMPOS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 04-07-05408 CR







MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Talie Michael Campos pled guilty to
sexual assault of a child. See Tex. Pen. Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2008). (1)
The trial court found the evidence sufficient to find Campos guilty, but deferred further
proceedings, placed Campos on community supervision for seven years, and assessed a fine
of $1,000. The State subsequently filed a motion and amended motions to revoke Campos's
community supervision. The trial court found the alleged violations "true," adjudicated guilt
and assessed punishment at confinement for ten years.

 Paragraph number one of the State's second amended motion to revoke alleged that
Campos "committed an offense against the laws of the State of Texas, to-wit: On or about
October 3, 2007 in Harris County, [Campos] committed the offense of Engaging in Criminal
Activity." Although the trial court initially found the allegation in paragraph number one
"true," the trial court heard Campos's motion for new trial, reformed the judgment to change
the finding to "not true," and granted Campos a new punishment hearing. Campos then
waived a new punishment hearing and asked the trial court to consider the evidence already
presented. The trial court found Campos violated other conditions of his community
supervision, found Campos guilty of sexual assault of a child, and assessed punishment at
confinement for ten years. 

 In issue one, Campos contends that the doctrines of double jeopardy and collateral
estoppel barred the State's attempt to re-litigate the allegation in paragraph number one after
the trial court found the allegation "not true." The State had informed the trial court that it
intended to introduce evidence at the new punishment hearing regarding the allegation in
paragraph number one, and intended to ask the trial court to assess Campos's punishment at
greater than ten years of confinement. However, the State subsequently withdrew all
objections, and did not present evidence in support of the allegation in paragraph number
one. 

 The doctrines of collateral estoppel and double jeopardy are different doctrines, but
neither is applicable here. See generally State v. Nash, 817 S.W.2d 837, 840 (Tex. App.--Amarillo 1991, pet. ref'd) (distinction between double jeopardy and collateral estoppel). The
issue appellant complains of was not re-tried. The State's initial intentions did not
materialize. Furthermore, an order that the defendant did not commit the violation charged
in a motion to revoke generally will not bar a subsequent motion to revoke. See Ex parte
Tarver, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986); Bass v. State, 501 S.W.2d 643, 644
(Tex. Crim. App. 1973). While the Court in Tarver held principles of collateral estoppel
applied in the particular circumstances at issue in that case, here no final judgment had yet
determined the issue, and there is no indication the trial court based its final judgment, in
which it adjudicated guilt and assessed punishment, on an allegation it found "not true." 
Appellant was successful in having the finding changed. Both parties informed the trial court
they had no objection to the trial court's reformation of the judgment to find the allegation
in paragraph number one "not true." The doctrines of collateral estoppel and double jeopardy
are not relevant to the proceedings of this case. Issue one is overruled. 

 In his second issue, Campos maintains that when the trial court granted his motion for
new hearing, he should have received a new adjudication hearing in addition to a new
punishment hearing. Although appellant initially requested a new adjudication hearing, after
considerable discussion of the issue between the parties and the trial judge, the trial court
asked whether the parties had any objection to the court finding that paragraph one was not
true based on the evidence before the court. Both the State and the defendant responded that
they had no objection.

 After the trial court decided to reform its judgment and to find the allegation in
paragraph number one "not true," Campos advised the trial Court "that he's presented all the
evidence the Court needs to consider at this time." In argument to the trial court, defendant's
counsel explained that "Rather than put the State to its proof, which he had every right to do,
and force witnesses to take the stand, and cause an inordinate amount of difficulty on the
State's part, he has decided to [forgo] that option." Defendant's counsel argued "the
allegation that was originally found true and now has been abandoned, that evidence is no
longer available[.]"

 Appellant received the relief he requested of the trial court by obtaining the finding
of "not true" to paragraph number one. His counsel then argued there remained only
"technical violations" resulting in the revocation, and argued that factor should be considered
in assessing punishment. The trial court adjudicated appellant guilty and assessed
punishment. It appears appellant decided for tactical reasons to opt for the procedure
followed by the trial court, and any error in the procedure followed was waived. Tex. R.
App. P. 33.1. Issue two is overruled. 

 We affirm the trial court's judgment.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on April 23, 2009

Opinion Delivered May 27, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Because pertinent provisions of section 22.011 have not substantively changed since
2004, we cite to the current version. See Tex. Pen. Code Ann. § 22.011(a)(2)(A).