Opinion issued February 26, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00712-CR

———————————

## JOHN ELSWORTH COMBEST, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 184th District Court
### Harris County, Texas
### Trial Court Case No. 1221980

---

## MEMORANDUM OPINION

John Elsworth Combest was charged by indictment with indecency with a child, a felony. Combest pleaded guilty and was sentenced to 10 years' deferred adjudication and a $500 fine. Two years later, the State moved to adjudicate Combest's guilt, and Combest pleaded not true to the State's allegations. The trial

court found the allegations true and sentenced Combest to 14 years' confinement. In three issues, Combest challenges the sufficiency of the evidence to prove the State's three allegations, contends that the trial court could not adjudicate his guilt based on his failure to pay costs and fees because there was no bill of costs, and contends that the trial court violated the Constitution's double jeopardy clause by adjudicating him guilty based on the allegation that he violated the no-contact condition of his community supervision. We affirm.

## Background

The following are the relevant conditions of Combest's community supervision:

- Pay the following fees . . . **A $2.00 transaction fee will be charged each time you make a payment.**
  - Pay a **Supervision Fee** at the rate of **$60.00 per month** for the **duration** of your community supervision beginning 1/29/2011 to HCCS&CD
  - Pay a **Fine** of **$500.00** and **Court Costs** at the rate of **$30.00** per month beginning **01/29/2011** to Harris County through HCCS&CD. You are given credit for **0 DAYS**.

- You **are to have no contact with any minor under the age of seventeen** (17) beginning **11/29/2010** for any reason except as specifically permitted by the Court.

- You may **not access to the Internet** through any manner or method, beginning **11/29/2010** for any reason unless specifically ordered by the Court. You may not view, receive, download, transmit, or possess pornographic material on any computer. You are not to possess pornographic software images or material on any hard drive, floppy disk, Disk, Diskette or magnetic tape. **You may only have internet**

2

**access at a[n] employment site. You may not have internet access at your home until further order of the Court.**

Seven months after Combest's community supervision began, the State filed a motion to adjudicate his guilt, alleging that he violated the no contact with a minor condition of his community supervision. But the State requested that the trial court dismiss the motion. The trial court granted the motion to dismiss and noted the following on the motion: "Other: Jail therapy, Abel Eval." On the same day, the trial court amended the conditions of Combest's community supervision to order Combest to "participate in an intensive sex offender treatment program," submit to an "A.B.E.L. EVALUATION," and serve 25 days in jail, with credit for 20 days.

A year and a half later, the State filed a second motion to adjudicate, along with a later amended motion, alleging four violations of the conditions of community supervision:

- failure to pay supervision fees, in arrears $80 as of January 23, 2013;
- failure to pay his fine and court costs, in arrears $72 as of January 23, 2013;
- knowingly using the Internet for personal reasons that were unrelated to employment on or about November 20, 2012; and
- having contact with a minor under the age of 17 on or about May 12, 2011.

The trial court held a hearing on the State's motion to adjudicate, at which Combest pleaded not true to each allegation. The trial court found true each of the State's allegations, revoked Combest's community supervision, adjudicated him guilty, and sentenced him to 14 years' confinement.

## Sufficiency of the Evidence

### A.    Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court abuses its discretion in issuing an order to revoke if the State fails to meet its burden of proof. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd). We examine the evidence in the light most favorable to the trial court's order. *Id.* The trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Smith v. State*, 790 S.W.2d 366, 367 (Tex. App.—Houston [1st Dist.] 1990, writ ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When several violations are found by the trial court, we will affirm the

order revoking community supervision if the State proved any one violation by a preponderance of the evidence. *See Sanchez v. State*, 603 S.W.2d 869, 870–71 (Tex. Crim. App. 1980); *Akbar*, 190 S.W.3d at 123.

**B.  Analysis**

In his first issue, Combest contends that there is insufficient evidence to support the findings that he violated any conditions of his community supervision and, therefore, the trial court abused its discretion in adjudicating him guilty. In its motion to adjudicate guilt, the State alleged that Combest "did then and there violate the terms and conditions of Community Supervision by: Failing to comply with Court order by having contact with Eric Bell, who is a minor under the age of seventeen on or about May 12, 2011." The condition provided: "You **are to have no contact with any minor under the age of seventeen** (17) beginning **11/29/2010** for any reason except as specifically permitted by the Court."

Combest testified that in 2011 he went to a hospital and saw Eric after his daughter called Combest about Eric having been ill:

> I told [my community supervision officer] about having seen my grandson Eric at the hospital. And that [when] I went in, in fact, he was asleep on the chair inside the emergency room. And while I and his mother were talking about his condition, a nurse came out and got him in a wheelchair and took him to the back. I didn't see him for a while. I went to talk with the nurse about his condition and when the doctor got through, I talked to the doctor about his condition.

5

Combest also testified that he intended for the meeting at the hospital to take place—he told his daughter "to get [Eric] to the hospital," adding "I will meet you there as soon as I can."

Combest did not challenge the no-contact condition as unconstitutionally vague at the time the condition was imposed, and he does not make this argument on appeal. *See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999) (en banc) (defendant must complain at trial to conditions of community supervision he finds objectionable and cannot raise complaint for first time on appeal). Rather, Combest contends that the State failed to prove a violation of the condition because there was no evidence that he touched, spoke to, made eye contact with, or communicated with Eric in any manner.

Appellate review of revocation is limited to determining whether the trial court abused its discretion, and we examine the evidence in the light most favorable to the trial court's findings. *See Rickels*, 202 S.W.3d at 763 (we review trial court's order revoking community supervision under abuse-of-discretion standard); *Greathouse*, 33 S.W.3d at 458 (we examine evidence in light most favorable to trial court's order). The State meets its burden of proving by a preponderance of evidence that Combest violated the conditions of his community supervision if the greater weight of the credible evidence creates a reasonable belief that Combest violated a condition of his community supervision. *See*

6

*Jenkins*, 740 S.W.2d at 437. Here, there is no evidence that Combest touched, spoke to, made eye contact with, or communicated with Eric, but Combest admits that he went to the hospital *because* Eric was there and that he saw Eric there, in the emergency room. We conclude that the State adduced sufficient evidence to meet its burden to prove a violation of the no-contact condition. *See Whitaker v. State*, No. 09-09-00246-CR, 2010 WL 2541863, at *3 (Tex. App.—Beaumont 2010, no pet.) (mem. op., not designated for publication) (appellant violated no-contact provision by driving children, other than his son, home because these actions "were not inadvertent, unplanned, or happenstance; they were purposeful and intentional").

In support of his argument that seeing Eric at the hospital did not amount to a violation of the no-contact condition, Combest relies on *Hacker v. State*, 389 S.W.3d 860 (Tex. Crim. App. 2013), in which the Court of Criminal Appeals held that there was insufficient evidence that any prohibited conduct had occurred. But in *Hacker*, the condition expressly allowed appellant to contact his wife by telephone regarding child custody issues.[1] *Id.* at 863. Hacker and his wife also "had an arrangement for [Hacker] to babysit their children at his wife's home while

---

[1] The no-contact condition specifically provided that Hacker was not to contact his wife "in person, in writing, by telephone, via the [I]nternet, a third party or any other means except as specifically permitted. YOU MAY SPEAK TO HER VIA TELEPHONE ONLY FOR THE PURPOSE OF CHILD CUSTODY ISSUES." *Hacker*, 389 S.W.3d at 863.

7

she was at work." *Id.* at 863. The Court of Criminal Appeals held that although "contact" has a broad meaning, Hacker's "simply occupying his wife's home when she was not there [was] not a prohibited communication with his wife . . . ." *Id.* at 868.

Here, no exception in the conditions permitted Combest to visit his minor grandson in the hospital. Accordingly, *Hacker* does not support Combest's argument. We conclude that the evidence supports the trial court's finding by a preponderance of the evidence that Combest violated the no-contact with minors condition of his community supervision as the State alleged.

## Double Jeopardy

In his third issue, Combest contends that the trial court violated his constitutional right "to be free from double jeopardy" by adjudicating his guilt based on the allegation that he violated the no-contact condition. The double jeopardy clause of the United States Constitution protects against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex Parte Rhodes*, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998).

But double jeopardy protections do not apply to a revocation hearing because it is a proceeding wherein the result is deemed to be neither a conviction nor acquittal. *State v. Nash*, 817 S.W.2d 837, 840 (Tex. App.—Amarillo 1991,

pet. ref'd); *see Ex parte Peralta*, 87 S.W.3d 642, 644–46 (Tex. App.—San Antonio 2002, no pet.) (reasoning that probation revocation proceedings are not designed to punish a criminal, but to determine whether probationer has violated conditions; thus, double jeopardy does not apply to such proceedings). Unlike a criminal proceeding, guilt or innocence is not at issue in a revocation hearing. *Nash*, 817 S.W.2d at 840. Rather, the issue is whether the defendant has committed an act that in effect, broke the contract made with the court pursuant to the granting of community supervision. *Id.* The result is not a conviction, but a finding upon which the trial court might exercise its discretion by revoking, or continuing, community supervision. *Id.*

In 2011, when the State first moved to adjudicate Combest's guilt, the State alleged that Combest violated the condition that Combest have no contact with a minor when he visited his grandson in the emergency room on May 12, 2011. The State later moved to dismiss the motion, and the trial court granted the motion. At that time, the trial court amended the conditions of Combest's community supervision to include an A.B.E.L. evaluation and intensive sex offender treatment, as well as 25 days of jail time, with credit for 20 days served.[2]

---

[2] The trial court retains authority to impose jail confinement as a condition of community supervision "at any time during the supervision period." *Johnson v. State*, 286 S.W.3d 346, 351 (Tex. Crim. App. 2009). And the trial court "may do so for any reason and perhaps for no reason," unless prohibited by law. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(a) (West 2004) (conditions of

Combest contends that the trial court's 2013 revocation based on the same alleged violation of the no-contact condition violated the double jeopardy clause. But "double jeopardy does not apply to probation-revocation hearings." *Smith v. State*, 290 S.W.3d 368, 381–82 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Indeed, "even if the trial court denies the State's motion to revoke probation, the State can file a second motion to revoke, alleging the exact same probation violations . . . ." *Id.*; *see also United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981) (declining to extend double jeopardy to probation revocation proceedings because they are not designed to punish a criminal defendant for violation of criminal law, but rather are for determining whether probationer has violated conditions of his probation).

Having concluded that there was sufficient evidence to support the trial court's finding that Combest violated the no-contact condition of his community supervision and that double jeopardy does not apply, we overrule Combest's first and third issues.[3] *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (single violation is sufficient to support revocation of community supervision).

---

community supervision may include submitting defendant in felony case to term of confinement no longer than 180 days in county jail).

[3] Because Combest's second issue regarding the lack of a bill of costs relates only to the allegations that he failed to pay costs and fees and we affirm based on a violation of the no-contact condition, we need not reach this issue.

10

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.
Do Not Publish — TEX. R. APP. P. 47.2(b).