Ex parte Bert De Wayne LANE a/k/a De Wayne Shepard.

No. 2–90–235–CR.

Court of Appeals of Texas, Fort Worth.

March 26, 1991.

Rehearing Overruled June 4, 1991.

Ricky B. Perritt, Denton, for appellant.

Patrick Morris, Dist. Atty., Decatur, Kenneth G. Mahaffey, State's Counsel on Appeal, Denton, for appellee.

Before WEAVER, C.J., and LATTIMORE and DAY, JJ.

OPINION

LATTIMORE, Justice.

This is an appeal from a denial of a pretrial writ of habeas corpus alleging that trial on the merits would subject appellant, Bert De Wayne Lane a/k/a De Wayne Shepard, to double jeopardy. Appellant perfected this appeal of that ruling.

We affirm.

Appellant was indicted for the offense of capital murder on September 26, 1989. *See* Tex.Penal Code Ann. § 19.03 (Vernon 1989). Appellant filed an application for writ of habeas corpus seeking to have bail set on December 14, 1989. A writ was issued and a hearing was held on January 4, 1990, at which time the court denied bond finding that the State had made a showing of "proof evident." *See* Tex.Code Crim.Proc.Ann. art. 1.07 (Vernon 1977). Appellant perfected an appeal of that ruling to this court. In an unpublished opinion issued on April 24, 1990, this court vacated the order denying bond based on our finding that the proof was not "evident." *Ex parte Lane*, No. 2–90–017–CR (Tex.App.—Fort Worth, April 24, 1990, no pet.) (not designated for publication). Appellant then filed a motion for a bail hearing and the court set appellant's bond at $150,000.

On July 23, 1990, appellant filed another application for writ of habeas corpus alleging that a trial on the merits would subject appellant to double jeopardy and that the State was collaterally estopped to litigate the issues already decided by this court. A writ was issued and a hearing was held on August 2, 1990, at which time the writ was denied. It is from this ruling that appellant appeals.

On appeal, appellant contends that the doctrine of collateral estoppel bars the State from prosecuting appellant for the offense of capital murder. The doctrine of collateral estoppel is embodied within the constitutional protection that a defendant cannot be twice placed in jeopardy for the same crime. *Ladner v. State*, 780 S.W.2d 247, 250 (Tex.Crim.App.1989). The United States Supreme Court set out the doctrine of collateral estoppel in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). "[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.*, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Collateral estoppel is not to be applied hypertechnically, but requires a reviewing court to examine the entire record to determine just what issues have been foreclosed between the parties. *See id.*, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76.

A clear statement of the principles involved in collateral estoppel was made in *United States v. Mock*, 604 F.2d 341 (5th Cir.1979):

In principle, the law of collateral estoppel is clear; in application, it can be a slippery concept indeed. According to *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* [397 U.S.] at 443, 90 S.Ct. at 1194. Thus, *Ashe* mandates two inquiries: First, what facts were necessarily determined in the first law suit? Second, has the government in a subsequent trial tried to relitigate facts necessarily established against it in the first trial? Facts so established in the first trial may not be used in the second trial either as ultimate or as evidentiary facts. Thus, while the parent doctrine of double jeop-

ardy bars a subsequent prosecution based on a different section of the criminal code when "the evidence required to support a conviction upon one of them [the indictments] would have been sufficient to warrant a conviction upon the other," its progeny, collateral estoppel, bars only the reintroduction or relitigation of *facts* already established against the government. To state the distinction in more prosaic terms, the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime.

*Id.* at 343–44 (emphasis in original) (footnote omitted) (citations omitted).

■ The concept of collateral estoppel has proven to be narrower than might have originally been surmised based on a literal reading of *Ashe.* The question is not whether there is a possibility that some ultimate fact has already been determined adversely to the State, but whether after examining the entire record, the verdict in the first trial was *necessarily* grounded upon an issue the defendant seeks to foreclose from litigation. *See Ladner,* 780 S.W.2d at 254. Therefore, in order for the doctrine of collateral estoppel to be applicable in a case, it must be shown that: 1) there has been a final and valid judgment, *see Garcia v. State,* 768 S.W.2d 726, 729 (Tex.Crim.App.1987); and 2) the State seeks to relitigate some fact at a second proceeding *necessarily* decided against it at the first proceeding. *See Hite v. State,* 650 S.W.2d 778, 784 n. 7 (Tex.Crim.App. 1983).

In the present case, appellant was initially denied bail after a pretrial hearing. The denial of bail was based upon a finding that the State had shown that there was "proof evident." All defendants are entitled to bail except in capital cases where proof is evident. *See* TEX.CODE CRIM.PROC.ANN. art. 1.07. The Texas Court of Criminal Appeals set out the definition of "proof is evident"

in the case of *Ex parte Wilson,* 527 S.W.2d 310 (Tex.Crim.App.1975):

The term "proof is evident" means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death.

*Id.* at 311.

As previously set out, this court vacated the order denying bond, finding that a review of the record did not lead to the conclusion that proof was evident. In doing so, this court followed the firmly established policy mandated by the court of criminal appeals by refraining from setting out the facts of the case in detail or commenting on the sufficiency of the evidence since the case has not yet been tried on the merits. *See id.*

Appellant cites us to the case of *Ex parte Tarver,* 725 S.W.2d 195 (Tex.Crim. App.1986) as authority for his contention on appeal. In *Tarver,* the defendant had been placed on probation after being found guilty of possession of cocaine. The defendant was later charged with assault and the State filed a motion to revoke the defendant's probation. The trial judge granted defendant's motion to find the allegation of assault not true, finding that the evidence in the case was "totally incredible." *Id.* at 196. The defendant then sought to have the pending assault charge dismissed arguing that the ruling at the probation revocation hearing was a finding that he was not guilty of the charge, and the State was barred from prosecuting the defendant for the same offense. *Id.*

The court of criminal appeals rejected defendant's double jeopardy claim finding that he did not face risk of punishment for the same offense. The court held, however, that the doctrine of collateral estoppel barred the State from prosecuting the defendant for the assault. *Id.* at 200. After setting out the doctrine of collateral estoppel, the court found that the State was

seeking to relitigate the allegation that the defendant had assaulted the complainant, after this fact had already been decided adversely to the State in a full hearing that resulted in a final judgment. *Id.* at 199–200.

We find that *Tarver* does not provide support for appellant's position. First, the court of criminal appeals emphasized the narrowness of the holding: "It is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is 'not true,' that a fact has been established so as to bar relitigation of that same fact." *Id.* at 200. To further emphasize the narrowness of the ruling, the court stated that a mere overruling of a motion to revoke probation would not be a fact-finding that would bar subsequent prosecution and an acquittal of a charged offense would not bar a subsequent revocation of probation based on the same allegation. *Id.*

Another reason for finding that *Tarver* does not support appellant's position is the case of *Ex parte Byrd,* 752 S.W.2d 559 (Tex.Crim.App.1988). In *Byrd,* the court narrowed its finding in *Tarver* to comport with its earlier decision in *Davenport v. State,* 574 S.W.2d 73 (Tex.Crim.App.1978) (en banc) in which the court had held that the traditional principles of double jeopardy did not prevent a second attempt to revoke probation based upon the same alleged probation violation as that found "not true" at an earlier revocation hearing. *Id.* at 76. The court stated in *Byrd* that nothing in *Tarver* purported to overrule this portion of *Davenport. Byrd,* 752 S.W.2d at 562. The court went on to hold that collateral estoppel would not bar a subsequent revocation of probation proceeding "on the basis of specific facts not before litigated, even if those new facts support revocation for violation of the same condition of probation the State attempted to prove had been violated in the earlier revocation proceeding." *Id.* at 563.

Since we find that *Tarver* does not support appellant's contention, we must now turn to other cases. There are no cases that speak directly to the point raised by appellant. However, we have found cases that we find to be instructive. In *Ex parte Robinson,* 641 S.W.2d 552 (Tex.Crim.App. [Panel Op.] 1982), the court of criminal appeals held that the doctrine of collateral estoppel was not applicable so as to bar indictment of a defendant after a magistrate, at an examining trial, had found no probable cause to bind the defendant over to the grand jury. *Id.* at 556. This ruling was based on three items: 1) the defendant had never been put in jeopardy; 2) there had not been a final judgment; and 3) the grand jury's return of an indictment was not a future lawsuit between the same parties. *Id.*

In *Showery v. State,* 704 S.W.2d 153 (Tex.App.—El Paso 1986, pet. ref'd), the court held that the doctrine of collateral estoppel did not apply to bar prosecution for involuntary manslaughter following a determination at an appellate bond revocation proceeding that the State had failed to sustain its burden of proving the defendant had violated the conditions of the bond by committing the alleged offense of involuntary manslaughter. *Id.* at 155. In reaching this decision, the court went through an analysis we find to be instructive:

> In assessing individual cases, it is essential to consider not only the forums of the proceedings and the consequences for the defendant, but also the expectations of the litigants as they enter the first arena. Whether dealing with a remedial forfeiture or fine, probation revocation or juvenile adjudication, both State and defendant, of necessity, must be considering a punitive result, the duration and character of which is intended to be proportional to the alleged misconduct (either immediate or previously imposed but suspended). Consequently, each side may reasonably be expected to tailor its evidentiary and procedural approach to achieve a "fundamentally" final result. That is not the case with this bond reduction. . . .

*Id.* at 156 (citation omitted).

Applying federal law, the court in *Showery v. Samaniego,* 814 F.2d 200 (5th Cir. 1987) declined to extend double jeopardy

protection, and in particular collateral estoppel, to appellate bond revocations. *Id.* at 204.

We decline to extend the doctrine of collateral estoppel to bar prosecution for capital murder following a determination that there is not "proof evident" to support the denial of bail. A bail hearing does not result in a punitive result even if bail is denied. Bail is not used as, nor intended to be used as, punishment. The result of a bail hearing is limited in time. We do not believe that either appellant or the State tailored their evidentiary and procedural approach to achieve a fundamentally final result at the bail hearing. *See Showery,* 704 S.W.2d at 156. In addition, we find that the State will not seek, at the trial on the merits, to relitigate any fact questions *necessarily* decided adversely to the State at the bail hearing. *See Hite,* 650 S.W.2d at 784 n. 7. There have been no issues of ultimate fact already determined by a valid and final judgment so as to require applicability of the doctrine of collateral estoppel. *See Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

The judgment of the trial court is affirmed.