In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-279 CR


____________________



KELVIN HAYES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 16385







MEMORANDUM OPINION

 Appellant Kelvin Ryan Hayes appeals a Polk County judgment imposing a seven-year
sentence for felony Driving While Intoxicated. We affirm the judgment.

 In October 2001, Hayes was convicted of DWI in Polk County and was assessed a
ten- year prison sentence, probated for ten years. In June 2005, the trial court revoked
Hayes's community supervision in the Polk County DWI case after Hayes pled true to five
of six community supervision violations. The trial court sentenced Hayes to seven years in
prison, and Hayes appealed. 

 Earlier in 2001, Hayes had been convicted of DWI in San Jacinto County and was
assessed a ten-year prison sentence, probated for ten years. In March 2005, the trial court
in San Jacinto County revoked Hayes's San Jacinto County DWI community supervision
after Hayes pled true to alleged community supervision violations. The trial court sentenced
Hayes to two years in prison. Essentially, Hayes argues that collateral estoppel precludes the
Polk County trial court from sentencing him to seven years when in a different case the San
Jacinto County court had sentenced him to two years based on similar probation violations. (1) 

 Collateral estoppel provides that when an issue of ultimate fact has been determined
by a valid and final judgment it cannot be re-litigated between the same parties in any future
proceeding. Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). 
"The doctrine is not to be applied hypertechnically, but requires a reviewing court to examine
the record to determine just what issue has been foreclosed between the parties." Ex parte
Tarver, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986) (citing Ashe, 397 U.S. at 443). In
Tarver, the Texas Court of Criminal Appeals applied the Ashe v. Swenson test in a probation

revocation proceeding. Id. The Court held that for collateral estoppel to apply (1) there had
to be a fact issue already determined, adversely to the State, in a valid and final judgment
between the same parties, and (2) the State must now be trying to re-litigate that same fact
issue. Id. The Court in Tarver emphasized that "[i]t is only in the particular circumstances
of this case, where the trial court does make a specific finding of fact that the allegation is
'not true,' that a fact has been established so as to bar relitigation of that same fact." Id. at
200. Here, there is no fact issue that has already been determined adversely to the State, as
Hayes pled "true" to the allegations in the San Jacinto County motion to revoke and received
a two-year sentence.

 Hayes claims the ultimate fact being re-litigated in the Polk County motion to revoke
is the sentence he should receive; however, his sentence is for the conviction, not for the
violation of the community supervision conditions. "An award of community supervision
is not a right, but a contractual privilege, and conditions thereof are terms of the contract
entered into between the trial court and the defendant. Therefore, conditions not objected to
are affirmatively accepted as terms of the contract." Speth v. State, 6 S.W.3d 530, 534 (Tex.
Crim. App. 1999). The State must prove by a preponderance of the evidence that the
allegations in the revocation motion are true. Moreno v. State, 22 S.W.3d 482, 488 (Tex.
Crim. App. 1999). A plea of "true" to even one allegation is sufficient to support a judgment
revoking probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The
Texas Code of Criminal Procedure article 42.12, section 23(a) states:

 If community supervision is revoked after a hearing . . . the judge may proceed
to dispose of the case as if there had been no community supervision, or if the
judge determines that the best interests of society and the defendant would be
served by a shorter term of confinement, reduce the term of confinement
originally assessed to any term of confinement not less than the minimum
prescribed for the offense of which the defendant was convicted.


Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2005). 

 The issue at a revocation hearing is whether the defendant broke the contract he made
with the court after the court determined the defendant's guilt. Duke v. State, 2 S.W.3d 512,
516 (Tex. App.--San Antonio 1999, no pet.); see also Kelly v. State, 483 S.W.2d 467, 469
(Tex. Crim App. 1972). The issue before the trial court on the San Jacinto County DWI was
whether Hayes violated the court's community supervision conditions in that specific case. 
The issue before the trial court on the Polk County DWI was whether Hayes violated the
court's community supervision conditions in that case. Hayes's plea of "true" to at least one
violation at each revocation proceeding provided sufficient evidence for the court to sentence
defendant up to ten years for each of the convictions. See Tex. Code Crim. Proc. Ann. art.
42.12, § 23(a); Moses, 590 S.W.2d at 470. 

 We find no authority for Hayes's proposition that at a community supervision
revocation proceeding relating to one offense, collateral estoppel precludes a court from
imposing a sentence that exceeds the sentence imposed at a previous revocation proceeding
on an entirely different offense, even if both revocations were based on similar community
supervision violations. Hayes cites several cases discussing the general application of
collateral estoppel. See Ashe, 397 U.S. 436; Ladner v. State, 780 S.W.2d 247 (Tex. Crim.
App. 1989); Ex parte Lane, 806 S.W.2d 336, 337 (Tex. App.--Fort Worth 1991, no writ).
However, these cases do not support the application of the theory in this context. 

 The trial court's judgment is affirmed.

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on April 20, 2006

Opinion Delivered August 9, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.



 
1. The allegations in both motions to revoke community supervision are not
"identical." The San Jacinto County motion to revoke alleges more violations, and the
allegations of unpaid fees and costs are for different amounts.