**Affirmed as Modified and Opinion Filed July 15, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00535-CR

**MICHAEL ELIZONDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F09-57791-J**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion by Justice Bridges

Michael Elizondo appeals the trial court's judgment adjudicating him guilty of sexual assault and sentencing him to seven years' confinement. In four points of error, appellant argues the trial court abused its discretion in revoking his community supervision for violating conditions of his community supervision by being unsuccessfully discharged from treatment, failing to submit to a polygraph, failing to complete community service hours, and committing a new driving while intoxicated offense. We affirm the trial court's judgment.

On August 3, 2012, pursuant to a plea bargain agreement, appellant was placed on deferred adjudication community supervision following his guilty plea to a charge of sexual assault. The trial court's order placed appellant on community supervision for five years and ordered him to pay a $1000 fine. The trial court also imposed twenty-four conditions of

community supervision.  On March 7, 2013, the State filed a motion to adjudicate alleging appellant had violated eight of the conditions of his community supervision.  On March 22, 2013, the trial court found the allegations in the motion to adjudicate true but entered an order continuing appellant on community supervision.  On May 29, 2013, appellant entered a plea of true to the motion to adjudicate, and the trial court adjudicated appellant's guilt and sentenced him to five years' confinement.  That same day, the trial court granted appellant's motion for new trial.  On July 30, 2013, the trial court found the allegations in the motion to adjudicate true but continued appellant on community supervision.  On December 9, 2013, the State filed a motion to adjudicate alleging appellant had violated nine conditions of his community supervision.  On April 11, 2014, appellant entered a plea of not true to the alleged violations in the motion to adjudicate.  Following a hearing, the trial court adjudicated appellant's guilt and sentenced him to seven years' confinement.  This appeal followed.

We first address appellant's fourth point of error in which he argues the trial court abused its discretion in revoking his community supervision for violating the condition that he commit no offense against the laws of this or any state or the United States.  Specifically, appellant argues the evidence does not support a finding that he committed the offense of driving while intoxicated.

We review the trial court's decision to revoke community supervision for an abuse of discretion, taking into account the sufficiency of the evidence supporting the basis for revocation.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  "The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation, and that the individual violated a term of probation as alleged in the motion to revoke."  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); *see Cherry v. State*, 215 S.W.3d 917, 919 (Tex.

App.—Fort Worth 2007, pet. ref'd). Probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged in the motion to revoke or necessarily included within the allegations contained in the motion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980); *Pickett v. State*, 542 S.W.2d 868, 870 (Tex. Crim. App. 1976).

"The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb*, 851 S.W.2d at 874; *see Hacker*, 389 S.W.3d at 864–65; *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels*, 202 S.W.3d at 764).

In a community supervision revocation proceeding, the trial court is the trier of fact and the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker*, 389 S.W.3d at 865. We review the evidence in the light most favorable to the court's ruling. *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

A revocation hearing is not a criminal prosecution and the degree of proof required to establish the truth of the allegation in a motion to revoke community supervision is not the same. *Hacker*, 389 S.W.3d at 864–65; *Black v. State*, 411 S.W.3d 25, 30 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st

–3–

Dist.] 2006, pet. ref'd). A defendant may be acquitted of a criminal offense and still have his community supervision revoked based on the same act because the standard of proof in a revocation proceeding is proof by a preponderance of the evidence, rather than beyond a reasonable doubt, as in a criminal trial. *See Polk v. State*, 729 S.W.2d 749, 750 n.1 (Tex. Crim. App. 1987) ("[A]n acquittal in a criminal prosecution will not necessarily mandate a finding of 'not true' to a motion to revoke alleging commission of the identical offense, since the standard of proof in a revocation proceeding is proof by a preponderance, rather than beyond a reasonable doubt, as in a criminal trial."); *Black*, 411 S.W.3d at 30 (defendant's acquittal of possession of marijuana charge following revocation of community supervision based on same act, without more, did not establish that revocation was an abuse of discretion); *see also Ex parte Lane*, 806 S.W.2d 336, 339 (Tex. App.—Fort Worth 1991, no writ) ("[A]n acquittal of a charged offense would not bar a subsequent revocation of probation based on the same allegation.").

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

Garland police officer Jeffrey Telles testified he was dispatched to a single-vehicle accident in the middle of Interstate 30 at approximately 3:00 a.m. on October 26, 2013. Paramedics and the fire department were already on the scene when Telles arrived. Appellant, another man, and a woman were speaking with the paramedics. Telles asked who had been driving, and appellant "stated that he was driving." Telles asked what happened, and appellant said he was "trying to make an exit off Centerville." Telles testified Centerville is located on highway 635, not Interstate 30. Appellant said he was trying to exit, and a truck cut him off. Appellant told Telles "he had left the bar with his three friends," and he had consumed three

beers. As they spoke, Telles noticed appellant's eyes were bloodshot and watery, and there was a "very strong" odor of an alcoholic beverage coming from appellant's "breath and his person."

Telles performed field sobriety tests on appellant. Telles testified he conducted a horizontal gaze nystagmus test but "was short one pass." On the walk-and-turn test, appellant's performance was "very poor." Appellant started the test too soon, he could not maintain the starting position, he almost immediately stumbled to his left, and he continued to miss heel-to-toe "several times." Appellant took approximately fifteen steps before Telles stopped him "because Telles didn't want [appellant] wandering off into the highway." Telles testified he saw the number of clues he was looking for to indicate appellant was intoxicated. On the one-leg stand test, appellant had to "hop and place his foot down several times," indicating he was intoxicated. Telles placed appellant under arrest for driving while intoxicated. After appellant was arrested, he began saying "he wasn't the driver." However, appellant was wearing a "low cut – like a V-neck shirt," and Telles could see "a red mark on his left shoulder that was going from the left to right, which [was] consistent with the driver's side seat belt." When appellant was logged in to jail, two small baggies containing a white crystal-like residue were pulled from his wallet. The in-car video from Telles's car showed appellant said "I was driving just fine" and "I wasn't even drinking while I was intoxicated." Telles testified that, based on everything he saw that night, he concluded appellant had been driving in a public place while he was intoxicated.

We conclude Telles's testimony was sufficient to prove by a preponderance of the evidence that appellant committed the offense of driving while intoxicated, thus violating a condition of his community supervision. *See Hacker*, 389 S.W.3d at 865. The trial judge was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See*

–5–

*id.* We overrule appellant's fourth point of error. Because of our disposition of appellant's fourth point of error, we need not address appellant's remaining points of error.

The trial court's judgment adjudicating appellant's guilt states appellant pled true to the motion to adjudicate. However, the record reflects that appellant pled not true to each allegation in the State's motion to adjudicate. An appellate court has the power to correct or reform the trail court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we reform the trial court's judgment adjudicating appellant's guilt to reflect that appellant entered a plea of not true to the State's motion to adjudicate.

As reformed, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

140535F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ELIZONDO, Appellant

No. 05-14-00535-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F09-57791-J.
Opinion delivered by Justice Bridges.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
> under the heading "Plea to Motion to Adjudicate," "True" is deleted, and "Not True" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered July 15, 2015.