**Billy Don WAFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0265–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 3, 2001.

Brent Hamilton, LaFont, Tunnell, Formby, LaFont & Hamilton, L.L.P., Plainview, for appellant.

Terry McEachern, Dist. Atty., Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

QUINN, Justice.

Billy Don Wafer appeals from an order denying his application for writ of habeas corpus. Two points of error appear before us. Only one needs to be addressed for it is dispositive. It concerns the trial court's decision to reject appellant's defense of collateral estoppel. We reverse and dismiss.

### Background

Wafer is currently under indictment in Swisher County for purportedly delivering, on or about January 18, 1999, more than one but less than four grams of cocaine within 1000 feet of Conner Park, a playground. The cause number and style of that proceeding are B3325–99–07–CR,

*State v. Billy Don Wafer,* Swisher County, Texas (Swisher County proceeding). However, Wafer believes that the doctrine of collateral estoppel bars his prosecution because the State had used the accusation as a basis to revoke probation granted him in cause number 90–01–B–10, 437–CR, styled *State v. Wafer,* Hale County, Texas (Hale County proceeding). In refusing to grant the State's motion to revoke probation, the trial court uttered the following:

1. "... based upon what you've done since June 29th and the evidence that I've heard today, I'm not going to revoke your probation. And what that means is that your probation expired on February 7th of [2000]. So, your probation at this time ... is terminated;"·

2. "All I'm saying is that *the Court is not convinced by a preponderance of the evidence that the allegations contained in the motion filed since June 29th are true. I'm not convinced that they are true,* so I'm not revoking. I'm not making any finding in regard to they're [sic] being true or not true;"

3. "Does that clarify it for you? I assume what you are talking about, Mr. Wafer has a pending felony charge in Swisher County, Texas for *the same allegation* that was made in the motion to revoke, and I'm not making any finding as to that being true or not true. I'm simply saying *I'm not convinced by a preponderance of the evidence today based on the evidence I have heard today that this is true;* " and,

4. "All I'm saying is *I'm not convinced by the preponderance of the evidence presented today that the allegations in the new motion to revoke are true.*"

(Emphasis added). These statements, coupled with the court's decision to not only deny the motion but also to discharge Wafer from probation, purportedly barred the State from relitigating Wafer's guilt for the aforementioned crime. The trial court concluded otherwise, however, when it denied appellant's petition for writ of habeas corpus in the Swisher County proceeding, the proceeding from which this appeal arose.

### *Standard of Review*

■■■ Whether the trial court erred in denying the writ for habeas corpus depends upon whether it abused its discretion. *Ex parte Pipkin,* 935 S.W.2d 213, 215 (Tex.App.—Amarillo 1996, pet. ref'd.). Whether it abused its discretion depends upon whether the decision fell outside the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990). And, in deciding whether that occurred, we review *de novo* the manner in which the trial court applied the law to fact. *Guzman v. State,* 955 S.W.2d 85, 87–88 (Tex.Crim.App.1997).

■■■ Next, pursuant to the doctrine of collateral estoppel, issues of ultimate fact that have been previously adjudicated adversely to the State through a final, valid judgment may not be re-litigated between the same parties. *Ex parte Tarver,* 725 S.W.2d 195, 198 (Tex.Crim.App.1986); *Ex parte Pipkin,* 935 S.W.2d at 215 n. 3. This rule applies irrespective of whether the proceeding involved a formal criminal prosecution or a hearing on a motion to revoke. *Id.* If the issue was previously adjudicated against the State, it cannot be revisited by the State. Yet, we note that a decision to overrule a motion to revoke does not in and of itself trigger application of collateral estoppel. *Ex parte Tarver,* 725 S.W.2d at 200; *State v. Nash,* 817 S.W.2d 837, 842 (Tex.App.—Amarillo 1991,

pet. ref'd.). This is so because a trial court may opt not to revoke for a myriad of reasons unrelated to whether or not the State sufficiently proved its grounds for revocation. *Ex parte Tarver*, 725 S.W.2d at 200. So, prerequisite to application of collateral estoppel is the need for an explanation or, as stated in *Tarver*, a fact-finding which illustrates the basis for the court's decision. *Id.*; *State v. Nash*, 817 S.W.2d at 842. And, if that basis involves the adjudication (adversely to the State) of a fact elemental to the subsequent prosecution, then collateral estoppel applies.[1] *Id.*

### Application of Standard

■ That the accusations levied against Wafer in the Hale and Swisher County proceedings are identical is beyond dispute. Similarly beyond gainsay are the facts that 1) the parties in the Hale and Swisher County proceedings are identical, 2) the trial court denied the motion to revoke, and 3) the denial of the motion resulted in a final order through which Wafer was discharged from probation.

Moreover, the trial court denied the motion to revoke because it was "not convinced by the preponderance of the evidence presented today that the allegations in the new motion to revoke [were] true." In other words, the decision to forego revocation was related to Wafer's guilt or innocence *viz* the delivery of cocaine within 1000 feet of Conner Park. That is, the State failed to prove Wafer's guilt for the

crime. And, although the trial court uttered that it was not making any findings of fact, its expressions were sufficient to illustrate the adjudication of a fact adversely to the State. Indeed, the statements that 1) "the Court is not convinced by a preponderance of the evidence that the allegations contained in the motion . . . are true" and 2) "I'm not convinced that they are true" are no less informative and meaningful than the words utilized by the trial court in *Tarver*. And, to the extent that denying a motion to revoke because the judge found "the evidence . . . totally incredible" constitutes a sufficient explanation or finding to trigger application of collateral estoppel, *Ex parte Tarver*, 725 S.W.2d at 200, the words used here do so as well. In each instance, the jurist reveals that his decision is based upon the State's failure to prove the accusation.

In sum, we find the circumstances and holding of *Tarver* dispositive of the issue before us. Having failed to prove that Wafer committed the crime in question in the Hale County proceeding, the State attempts to re-litigate Wafer's guilt for it in the Swisher County proceeding. This, coupled with the existence of a final order which 1) disposes of the motion to revoke and 2) involves the same parties, obligates us to hold that the State was and is collaterally estopped from prosecuting Wafer for delivering, on or about January 18, 1999, more than one but less than four grams of cocaine within 1000 feet of Conner Park. Accordingly, we reverse the order denying appellant's application for writ

1. The State would have us also hold that the reasons given for the court's action must be under the moniker of "fact-finding." That is, since no "fact-finding" was made at bar in which the court expressly held the accusation untrue then *Tarver* was not satisfied. Admittedly, *Tarver*, and our decision in *Nash*, allude to the existence of a "fact-finding." Yet, *Tarver* used the term in reference to an explanation of why the trial court did what it did.

Again, this explanation was needed to assure that a fact elemental to the subsequent charge was previously adjudicated against the State. If it could not be determined whether such a fact was adjudicated, then, in the mind of the *Tarver* court, collateral estoppel was unavailable. Yet, by no means does *Tarver* mandate that the trial court label its explanation a "fact-finding" before the explanation can have any subsequent preclusive effect.

of habeas corpus, grant the writ, and dismiss the indictment and prosecution.