TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00306-CR







The State of Texas, Appellant



v.



Ryan Getman, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. D-1-DC-05-301112, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING






O P I N I O N



The State appeals the district court's order granting appellee Ryan Getman's motion
to bar prosecution based on collateral estoppel. We will reverse the order and remand the cause for
further proceedings in the district court.


BACKGROUND


In March 2002, Getman was convicted of theft in the 214th District Court of Nueces
County, cause number 01-CR-3522-F. Punishment was assessed at two years' confinement in
state jail, but imposition of sentence was suspended and Getman was placed on community
supervision for five years. In June 2005, while Getman was still on probation, an indictment was
filed in the instant Travis County cause accusing Getman of aggravated assault, committed on or
about January 31, 2005.

On September 20, 2005, the Nueces County District Attorney moved to revoke
Getman's probation in the theft case. Among the several grounds alleged was Getman's commission
of the Travis County assault. The motion was heard by the 214th District Court of Nueces County
on December 12, 2005. At the conclusion of the hearing, the court found that Getman had violated
the terms and conditions of his probation, but the court opted to continue Getman on probation
subject to additional sanctions and conditions.

On March 22, 2007, Getman filed his "motion to bar prosecution on collateral
estoppel basis" in the Travis County cause. In this motion, Getman urged that the State, at
the Nueces County revocation hearing, had failed to prove that he committed the assault alleged
in the instant cause. Getman argued that as a result, the State was collaterally estopped
from prosecuting the Travis County aggravated assault indictment. Following a hearing, the district
court granted Getman's motion, ruling that further prosecution is barred by collateral estoppel. 
The State appeals this order.


JURISDICTION


The district court's written order states that it "is intended to be an appealable order
pursuant to Article 44.01(a)(4), Code of Criminal Procedure." Article 44.01(a)(4) permits the State
to appeal an order sustaining a claim of former jeopardy. Tex. Code Crim. Proc. Ann. art.
44.01(a)(4) (West Supp. 2007). Both Getman's motion to bar prosecution and the district court's
order granting that motion are based on the collateral estoppel component of the Fifth Amendment
Double Jeopardy Clause. U.S. Const. amend. V; Ashe v. Swenson, 397 U.S. 436, 445 (1970). The
court of criminal appeals has stated that article 44.01 permits the State to appeal a trial court order
that "effectively terminates the prosecution in favor of the defendant." State v. Moreno, 807 S.W.2d
327, 332 (Tex. Crim. App. 1991) (construing article 44.01(a)(1)). The district court's order
effectively terminates this prosecution in Getman's favor. We conclude that the order is appealable
by the State, and the appeal is properly before us.


STANDARD OF REVIEW


The court of criminal appeals has recently discussed the standard of review in
collateral estoppel cases. See State v. Stevens, 235 S.W.3d 736 (Tex. Crim. App. 2007). In Stevens,
the defendant, while on deferred adjudication supervision in Brazoria County, was arrested for and
charged with driving while intoxicated in Tom Green County. Id. at 737. A motion to adjudicate
was also filed in Brazoria County. Id. The trial court in Tom Green County granted a motion to
suppress evidence, and that prosecution was dismissed. Id. at 737-38. Thereafter, the Brazoria
County court in which the motion to adjudicate was pending also granted a motion to suppress
evidence based on collateral estoppel. Id. at 738. The State appealed that order. Id.

The court of appeals in Stevens held that the Brazoria County court's ruling
should be afforded almost total deference. Id. at 739; see State v. Stevens, 187 S.W.3d 565, 566-67
(Tex. App.--Houston [14th Dist.] 2006). The court of criminal appeals disagreed:


We disagree with the Court of Appeals' application of the same standard of
review to both the Tom Green County and Brazoria County cases. Although an
"almost total deference" standard would be appropriate in the Tom Green County
DWI case, because that court heard witness testimony and was in a position to make
credibility determinations, the decision of the Tom Green County court is not under
review here. The sole ruling under review is that of the Brazoria county court. As
such, the appropriate standard of review should be based solely on the circumstances
surrounding that decision.

Stevens, 235 S.W.3d at 739. After restating the bifurcated standard of review articulated in Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1977), the court continued:


Appellate courts review de novo applications of law to facts that do not involve
determinations of credibility and demeanor. A decision to apply collateral estoppel
is a question of law, applied to the facts, for which de novo review is appropriate.


Stevens, 235 S.W.3d at 740 (footnote omitted).

Among the exhibits introduced in evidence at the hearing below was a transcription
of the court reporter's notes from the Nueces County revocation hearing. To the extent that the
Nueces County district court made findings of historical fact based on the evidence adduced at that
hearing, those findings are accorded almost total deference. Getman briefly testified at the hearing
below. To the extent that the Travis County district court made findings of historical fact based on
that testimony, we would similarly afford those findings almost total deference. But the court's
determination that issues of ultimate fact were determined at the Nueces County probation
revocation hearing that preclude Getman's prosecution for aggravated assault is an application of
law to facts question that does not involve a determination of credibility and demeanor. That
decision turns instead on the content of the record from the Nueces County proceeding and the legal
significance of those contents. In making these determinations, the Travis County district court
is situated similarly to this Court, and there is no basis for us to defer to that court's
assessment--whether styled "findings of fact" or "conclusions of law"--regarding what the Nueces
record contains, much less its application of legal principles to that record. We accordingly
review de novo the district court's decision that Getman's Travis County prosecution is barred by
collateral estoppel.

COLLATERAL ESTOPPEL


The collateral estoppel rule "means simply that when an issue of ultimate fact has
once been determined by a valid and final judgment, that issue cannot again be litigated between the
same parties in any future lawsuit." Ashe, 397 U.S. at 443. In Ashe, the United States Supreme
Court held that the Double Jeopardy Clause incorporates collateral estoppel as a constitutional
requirement. Id. at 445.

The defendant in Ashe urged that his acquittal in a prosecution for robbing a
participant in a poker game barred his subsequent prosecution for robbing another participant in the
game. Id. at 339. After cautioning that criminal collateral estoppel should not be applied in a
"hypertechnical" manner, the Court wrote:


Where a previous judgment of acquittal was based upon a general verdict, as is
usually the case, this approach requires a court to examine the record of a prior
proceeding, taking into account the pleadings, evidence, charge, and other relevant
matter, and conclude whether a rational jury could have grounded its verdict upon an
issue other than that which the defendant seeks to foreclose from consideration.


Id. at 444. Applying this rule to the record before it, the Court concluded that the only rational
basis for Ashe's acquittal at his first trial was that the jury had found that Ashe was not the robber. 
Id. at 445. Therefore, the state was collaterally estopped from relitigating that issue before a
different jury in the second prosecution. Id. at 446.

To determine whether collateral estoppel bars a subsequent prosecution or bars
relitigation of certain facts at a subsequent prosecution, courts must determine (1) exactly what facts
were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts
constitute essential elements of the offense in the second trial. Ex parte Taylor, 101 S.W.3d 434,
440 (Tex. Crim. App. 2002). The very fact or point in issue must have been determined in the prior
proceeding. Id. at 441. The entire record from the earlier proceeding must be examined with realism
and rationality to determine precisely what fact or combination of facts were necessarily decided and
which will then bar their relitigation. Id. The question is not whether there is a possibility that an
ultimate fact was determined adversely to the prosecution; rather, the outcome of the earlier
proceeding must necessarily have been grounded on the issue which the defendant seeks to foreclose
from relitigation. Ladner v. State, 780 S.W.2d 247, 254 (Tex. Crim. App. 1989). It is the
defendant's burden to demonstrate that the factual issue he seeks to foreclose was actually decided
in the first proceeding. Guajardo v. State, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003).

The court of criminal appeals has held that a probation revocation hearing can
give rise to collateral estoppel. See Ex parte Tarver, 725 S.W.2d 195 (Tex. Crim. App. 1986). 
However, for collateral estoppel to apply, (1) there must be a fact-finding by the trial court at the
probation revocation proceeding that illustrates the basis for the court's decision; Jaime v. State,
81 S.W.3d 920, 926 (Tex. App.--El Paso 2002, pet. ref'd); Wafer v. State, 58 S.W.3d 138, 141
(Tex. App.--Amarillo 2001, no pet.); and (2) that fact-finding must be adverse to the State on a fact
elemental to the subsequent prosecution. Id. at 141.


THE NUECES COUNTY HEARING


The record reflects that after being placed on probation in Nueces County, Getman
was permitted to move to Travis County. According to the Travis County arrest warrant affidavit,
on January 31, 2005, Getman had a verbal and physical confrontation with cast members of a
cable television program called "The Real World." During this altercation, Getman struck
Daniel Jamieson's face with his fist, breaking Jamieson's cheek bone and damaging an eye. 
The incident was captured on videotape. The resulting indictment accuses Getman of
aggravated assault with serious bodily injury (count one) and aggravated assault with a deadly
weapon (count two).

On March 20, 2005, the Nueces County District Attorney moved to revoke Getman's
probation. The motion to revoke alleged that Getman had committed a subsequent offense
(the Travis County assault), failed to report his Travis County arrest, failed to pay his court costs and
supervision fees, failed to report to his probation officer, and failed to complete his community
service restitution.

The State's only witness at the revocation hearing was Grace Guerra, Getman's
Nueces County probation officer. Guerra testified that Getman was behind on his court costs and
supervision fees in the amount of $561. During cross-examination, Guerra said that Getman had
called her to report that his ability to pay had been adversely affected by the birth of his child, and
that she had told him "to make payments as he could." With regard to the assault, Guerra testified
that Getman did not report his arrest. Guerra testified that she had watched the videotape of the
incident, which she described as "a slow motion of Mr. Getman punching one of the "Real World"
people in the face and knocking him to the ground." On cross-examination, Guerra acknowledged
that the videotape she watched had been edited by the cable network, that she had seen no other
footage of the event that might exist, that it was possible that the network had edited the videotape
"to depict what [it] would want it to depict," that she did not know "why Mr. Getman might have
been in an altercation," and that she did not know whether or not Getman had acted in self-defense.

Getman's wife testified for the defense. She described the circumstances surrounding
the birth of their child and their limited income. She testified that Getman was not a violent person,
but she acknowledged that he might benefit from anger-management counseling.

After the close of testimony, the prosecutor told the court that "the State has proven,
I think, maybe one or two of these allegations, if certainly not all of them. I think it's pretty apparent
that Mr. Getman was arrested. I think many people saw that happen, and I think it's true he hasn't
paid anything." The prosecutor did not object to Getman being continued on probation, but urged
that he be required to take anger-management classes. Defense counsel argued that "the State's
allegations were proven, if at all, only by the indirect testimony of the Austin probation supervision
people who did not appear today . . . . The underlying arrest has not been proven to be an actual
violation of the law, which would also be a violation of probation." Counsel urged that Getman be
continued on probation.

The district court then orally announced its findings. (1) With regard to Getman's
failure to pay his costs and fees, the court said:


[A]ccording to the testimony that I've heard, you did everything you could to fulfill
your financial obligation to this court and the court finds that you did everything you
possibly could, based on the circumstances.


With regard to the assault, the court said:


[N]ow there is a violation that you were arrested and failed to report, according to
your probation orders, within 48 hours, that you were arrested, not whether you were
found guilty or not. I'm not interested in that right now, just that you were arrested,
and there's nothing to controvert that. So the only thing I have is that you have been
arrested, and you didn't do--you didn't report as you were ordered to do so before. 
Therefore, the court finds that you violated the terms and conditions of your
probation.


The court continued Getman on probation, but the court ordered him to spend thirty days in the
county jail and to attend anger-management classes. The court then added:


Mr. Getman, you need to get your life together. You got a child you got to
worry about. I don't know what the situation was about that altercation. It's possible
that you could have been defending yourself. It's a possibility you could have been
the wrong person. The fact is you were arrested, and you failed to report.


THE TRAVIS COUNTY HEARING

Citing Ashe and Tarver, Getman moved to bar further prosecution of the
Travis County aggravated assault indictment on the ground of collateral estoppel. The motion
argued that the question of Getman's commission of the assault had been tried before the
Nueces County district court acting in its judicial capacity, that there had been a full hearing at which
the parties had an opportunity to litigate the issue, and that the court acting as trier of fact had
determined in a final judgment that the State had failed to prove by even a preponderance of the
evidence that Getman was guilty of the assault. Although Getman briefly testified at the hearing on
the motion, the evidence at the hearing consisted primarily of records from the Nueces County
district court, including the reporter's record from the revocation hearing. After hearing the
arguments of counsel, the district court announced that it was granting the motion to bar further
prosecution of the Travis County cause. The district court later filed a nine-page order containing
what were termed findings of fact and conclusions of law.


DISCUSSION


The State contends that the outcome of the Nueces County probation revocation
hearing does not present a collateral estoppel bar to prosecution of the Travis County assault
indictment for two reasons. First, the State argues that there was no privity in the relationship
between the Nueces County District Attorney and the Travis County District Attorney. Second, the
State urges that Getman did not meet his burden of proving that a fact essential to his prosecution
for aggravated assault was found adversely to the State at the revocation hearing. We need not
address the State's contentions regarding privity because we conclude that Getman did not meet his
burden of proving that the Nueces County district court found adversely to the State on a fact
essential to his prosecution for aggravated assault.

 In the case before us, the record reflects that the State alleged five grounds for
revoking Getman's Nueces County probation. The Nueces County district court made two specific
findings of fact regarding those allegations: (1) that Getman "did everything [he] could to fulfill
[his] financial obligations," and therefore did not violate the conditions of probation requiring him
to pay fees and costs; and (2) that Getman was "arrested and failed to report, according to [his]
probation orders, within 48 hours, that [he] was arrested," and therefore did violate the condition
of probation requiring him to report any arrest. This finding was alone sufficient to justify
revoking Getman's probation. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)
(violation of single condition sufficient to support revocation). Therefore, it was unnecessary for the
court to make any additional findings regarding the other grounds alleged, including whether Getman
committed the subsequent assault offense. The court clearly understood this, saying, with respect
to Getman's guilt or innocence in the assault case, "I'm not interested in that right now, just that you
were arrested." This is not a finding of fact regarding the alleged assault; it is a refusal to make a
finding of fact.

 Getman argues, however, that other comments by the Nueces County district court
did, in context, constitute a finding that he was not guilty of the alleged Travis County aggravated
assault. Getman points to the court's statement that "the only thing I have is that you have been
arrested, and you didn't . . . report." Getman reads into this statement a finding that there was no
evidence that he committed the alleged aggravated assault. But because this statement was made
immediately after the court had said that it was "not interested" in the assault allegation, it must be
viewed in that context as merely reflecting the court's decision not to make a finding regarding the
alleged subsequent offense. We also find no support for Getman's argument in the comments of the
court at the conclusion of the revocation hearing. The court said, referring to the Travis County
assault allegation, "I don't know what the situation was about that altercation," adding that it was
"possible" that Getman might have been defending himself and that it was "a possibility" that he
could have been misidentified. These statements fall short of demonstrating that the issue of whether
Getman committed the aggravated assault was necessarily determined against the State. Ladner,
780 S.W.2d at 254; State v. Nash, 817 S.W.2d 837, 842 (Tex. App.--Amarillo 1991, pet. ref'd).

 The court below asserted in its conclusions of law, and Getman echoes this argument
in his brief, that "[t]o hold that the lack of sufficient evidence, the concession by the State[ (2)] and
the judge's remarks did not constitute a finding that the defendant did not commit the
aggravated assault would be to impose a hypertechnical application to the doctrine of collateral
estoppel rather than the realistic and rational approach required" by Ashe. See Ashe, 397 U.S. at 444
("rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic
approach of a 19th century pleading book, but with realism and rationality"). Tarver demonstrates
that a finding of fact adverse to the State may be implicit rather than explicit, but we believe that the
adverse finding must nevertheless be clear under the circumstances. It was Getman's burden to
demonstrate that the factual issue he seeks to foreclose was actually decided at the probation
revocation hearing. See Guajardo, 109 S.W.3d at 460. It is not hypertechnical to require Getman
to meet that burden. We believe that a reasonable and realistic review of the record from the
probation revocation hearing reflects at most that the court declined to decide whether Getman
committed the alleged assault. On this record, Getman did not meet his burden of showing, as
required by Tarver and Guajardo, that the Nueces County court made a specific finding that he did
not commit the aggravated assault, or that his commission of the aggravated assault was not proved. (3)

 It is obvious that the court below, based on its own review of the evidence at the
Nueces County probation revocation hearing, believed that the State did not prove the aggravated
assault alleged in the motion to revoke. But the issue raised by Getman's motion to bar prosecution
on collateral estoppel grounds, and the question the court below was required to decide, was not
whether the State had met its burden of proof at the revocation hearing, but whether the court at that
hearing had made a specific finding of fact adverse to the State on an issue essential to Getman's
prosecution for aggravated assault. It is not the State's failure to prove an allegation at a revocation
hearing that raises a collateral estoppel bar; collateral estoppel applies only if the trial court
specifically finds that an allegation was not proved. Tarver, 725 S.W.2d at 200. It was Getman's
burden to show that this finding was actually made. Guajardo, 109 S.W.3d at 460;
Nash, 817 S.W.2d at 842. He did not satisfy this burden.


CONCLUSION


 The district court below erred by concluding that the Nueces County district court,
at the hearing on the State's motion to revoke Getman's probation, decided an issue of ultimate fact
that would preclude the State from trying Getman in Travis County for the aggravated assault alleged
in the instant indictment. The court's order is reversed and the cause is remanded for further
proceedings consistent with this opinion.



 _____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law and Justices Pemberton and Waldrop

Reversed and Remanded

Filed: May 1, 2008

Publish
1. One month after the revocation hearing, the court signed a written "order imposing sanctions
on defendant and continuing or modifying probation" stating that the court found that Getman "has
violated those conditions of probation for which Defendant entered Defendant's plea of true." As
the record from the hearing reflects and this order elsewhere states, Getman entered a plea of "not
true" to all the grounds alleged. At the hearing below, it was agreed that the written order was
inaccurate and that the Nueces County district court's oral findings were controlling.
2. We assume that the concession referred to is the prosecutor's remark during argument at the
revocation hearing that "the State has proven, I think, maybe one or two of these allegations, if
certainly not all of them."
3. The absence of a specific finding likewise distinguished Jaime v. State, 81 S.W.3d 920
(Tex. App.--El Paso 2002, pet. ref'd), on which Getman heavily relies.