NO. 07-07-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 29, 2009

______________________________


FELIPE G. VARGAS, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411108; HON. BRADLEY S. UNDERWOOD, PRESIDING

_______________________________

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.



Â 
MEMORANDUM OPINION
Â 
Â Â Â Â Â Â Â Â Â Â In this appeal, and in one issue, appellant Felipe G. Vargas, Jr., contends that his
conviction of aggravated sexual assault after a plea of guilty, and the resulting sentence
of fifteen years confinement in the Institutional Division of the Texas Department of
Criminal Justice must be reversed and the prosecution dismissed. Disagreeing that
reversal is required, we affirm the judgment of the trial court.
Â Â Â Â Â Â Â Â Â Â In his issue, appellant contends that the Lubbock County District Attorney was
collaterally estopped from proceeding with the underlying prosecution. That contention
requires us to recount the background history leading up to the plea of guilty. On July 6,
2004, appellant was convicted of aggravated assault and was placed on probation for a
period of ten years. Subsequently, on January 10, 2006, his probation was revoked and
he was ordered to serve the ten-year sentence and, in addition, to pay a fine of $2,000.
Â Â Â Â Â Â Â Â Â Â In paragraphs (1) through (1e) of the application to revoke probation, the incidents
leading to the instant guilty plea were alleged with numerous other grounds, as bases for
revocation. However, in the judgment revoking probation, although it specifically found the
other allegations to be true, the court made no findings in connection with the allegations
contained in paragraphs (1) through (1e).
Discussion
Â Â Â Â Â Â Â Â Â Â In the seminal case of Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194,
25 L.Ed.2d 469 (1970), collateral estoppel was defined to mean âwhen an issue of ultimate
fact has once been determined by a valid and final judgment, that issue cannot again be
litigated between the same parties in any future lawsuit.â In the criminal law context,
collateral estoppel is a right protected by the Fifth Amendment to the Federal Constitution
and is applicable to the individual states. State v. Smiley, 943 S.W.2d 156, 161 (Tex.
App.âAmarillo 1997, no pet.) (Boyd, J., dissenting). The doctrine is not to be applied
hypertechnically, but requires that the reviewing court examine the record to determine
what issues have been foreclosed between the parties. Ex parte Tarver, 725 S.W.2d 195,
198 (Tex. Crim. App. 1986). In performing our task here, we must first inquire what facts
were necessarily determined in the first proceeding, and, second, whether in the guilty plea
under review here, the State has tried to re-litigate facts necessarily established in the
revocation proceeding. Ex parte Culver, 932 S.W.2d 207, 212 (Tex. App.âEl Paso 1996,
pet. refâd). Facts established in the first proceeding may not be used in the second
proceeding either as ultimate or evidentiary facts. Id. This rule is applicable regardless
whether the proceeding reviewed was a formal criminal trial or, as here, a motion to revoke
probation. See Ex parte Tarver, 725 S.W.2d at 198-99.
Â Â Â Â Â Â Â Â Â Â Before collateral estoppel is applicable, there must be a fact finding that illustrates
the basis for the courtâs decision. Wafer v. State, 58 S.W.3d 138, 141 (Tex. App.âAmarillo
2001, no pet.). Thus, in this case, we must determine if a fact issue necessary to the
instant prosecution has already been determined in a valid and final judgment between the
same parties, that is, whether the State is now trying to relitigate that same fact issue. Ex
parte Tarver, 725 S.W.2d at 199.
Â Â Â Â Â Â Â Â Â Â In a revocation proceeding, the State must prove by a preponderance of the
evidence that the probationer violated a condition of community supervision as alleged in
the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof
of any one alleged violation is sufficient to support an order revoking community
supervision. OâNeal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). In such a
proceeding, the determinative question is whether the individual under supervision violated
one or more terms of his supervision and is not whether an individual is guilty beyond a
reasonable doubt of any offense alleged in the motion to revoke. Kelly v. State, 483
S.W.2d 467, 469-470 (Tex. Crim. App. 1972); Duke v. State, 2 S.W.3d 512, 516 (Tex.
App.âSan Antonio 1999, no pet.). 
Â Â Â Â Â Â Â Â Â Â At the revocation hearing with which we are concerned, the State presented
evidence of various technical violations of appellantâs community supervision and did
present some limited evidence of a sexual assault committed upon K.K., a child under the
age of fourteen and the child involved in the guilty plea conviction with which we are
concerned here. Those allegations were contained in paragraphs (1) through (1e) of the
Stateâs amended application to revoke community supervision. At the close of the
revocation hearing, the trial court ruled upon the allegations in the Stateâs motion. With
regard to the allegations concerning any assaults upon the child in question here, the
defense attorney asked, â. . . just for verification, you did not make a finding of true, then,
on any of the 1 allegations [those concerning K.K.], is that correct?â The trial judge
specifically iterated, âI found that, beginning with 2 and going through 4(h), including
everything between 2 and 4(h), that the allegations were true by a preponderance of the
evidence and beyond a reasonable doubt.â
Â Â Â Â Â Â Â Â Â Â Our examination of the record demonstrates that appellant has not shown the 
elements requisite to a collateral estoppel of these proceedings. Specifically, there is
nothing in the record to show the revocation judge considered the facts relating to the
sexual assault at all. Indeed, the judge specifically refrained from making a finding as to
those allegations. Thus, no fact issue as to the sexual assault was determined, either in
the Stateâs favor or against it, and the decision to revoke appellantâs community
supervision clearly was not predicated upon the sexual assault allegations.
Â Â Â Â Â Â Â Â Â Â Accordingly, appellantâs sole issue on appeal is overruled, and the trial courtâs
judgment is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â John T. Boyd
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Senior Justice

Do not publish.



nt 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









   NO.
07-10-0411-CR

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MAY
26, 2011

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NANCY
LYNN TYREE,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE
STATE OF TEXAS, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM
THE 371st DISTRICT COURT OF TARRANT COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO.
1189902D; HON. MOLLEE WESTFALL, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Abatement and Remand

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Nancy Lynn
Tyree, appellant, appeals her conviction for the offense of possession of
marijuana of 2,000 pounds or less but more than fifty pounds.Â  Appellant timely perfected this appeal by
filing a notice of appeal on September 10, 2010.Â  The clerkÂs record was filed on December 27,
2010, and the reporterÂs record on January 24, 2011.Â  Therefore, appellantÂs brief was due to be
filed by February 23, 2011.Â  No brief or
extension motion was filed by that date.Â 
On March 4, 2011, the court sent a letter to counsel for appellant
notifying her that the brief was overdue and that it or a response was due on
March 14, 2011.Â  On March 11, 2011,
counsel for appellant filed a motion to extend time to file appellantÂs brief,
which was granted to April 11, 2011.Â  On
April 14, 2011, counsel for appellant filed a second extension motion, which
was granted to May 11, 2011.Â  Rather than comply with that deadline,
counsel not only allowed it to lapse but also filed a third belated motion
requesting another extension which we received on May 24, 2011.Â  We are now told that an additional sixty to
ninety days are needed because she is too busy to perform her duties as a legal
advocate for her client within the timetable we specified. 

Consequently, we abate the appeal and
remand the cause to the 371st District Court of Tarrant County (trial court)
for further proceedings.Â  Upon remand,
the trial court shall undertake those proceedings necessary to determine 1) whether
appellant desires to prosecute the appeal, 2) whether appellant is indigent and
entitled to appointed counsel, and 3) whether appellantÂs current attorney was
appointed to represent appellant on appeal.Â 
Should the answers to those questions be in the affirmative, then the
trial court shall remove appellantÂs current legal counsel and appoint another
to zealously represent appellant.Â  When
new counsel is appointed, the name, address, telephone number, and state bar
number of said counsel shall be included in the order appointing new counsel.Â  If any of the answers to the foregoing issues
are Âno,Â the trial court shall so specify in a separate order to be forwarded
to this court.Â  Finally, we respectfully
direct the trial court to perform the directives in this order by June 24,
2011.Â  Should further time be needed to
do so, then it must be requested before June 24, 2011. 

We understand that circumstances
sometimes prevent individuals from performing their obligations within
specified deadlines.Â  For this reason,
many courts, including this one, readily extend those deadlines.Â  Experience has shown that some take advantage
of that, though.Â  And, others have come
to simply relegate their appellate duties to a lower priority on their ladder
of tasks.Â  Yet, courts of all levels are
entitled to respect, and little is as disrespectful as suggesting to one court
(like counsel does at bar) that its business is not as important as
anotherÂs.Â  If counsel has too many jobs
to perform his or her obligations in a timely manner, then he or she would best
serve his or her clients (and the court) by relinquishing some of those jobs to
others.Â  We no longer want to be told
that ÂI am too busy with other stuff to do what you want.ÂÂ Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Publish.